## MARTIN v. TENNESSEE COPPER & CHEMICAL CORPORATION.
### No. 5005.

Circuit Court of Appeals, Third Circuit.
May 25, 1933.

Synnestvedt & Lechner, of Philadelphia, Pa. (Harvey L. Lechner and Paul Synnes-

tvedt, both of Philadelphia, Pa., of counsel), for appellant.

Wall, Haight, Carey & Hartpence, of Jersey City, N. J. (Thomas G. Haight, of Jersey City, N. J., of counsel), for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below the plaintiff filed a bill praying defendant be decreed to assign to it his two pending patent applications for inventions made, it was alleged, in compliance with defendant's contract of employment by plaintiff so to do. The case resolved itself into a question of whether there was such a contract. The trial judge in his opinion discussed in great detail the letters, telegrams involved, and the acts of both parties in reference thereto, with the result, as stated: "Considering the telegrams and letters, and this verbal agreement, I am convinced there was a complete coming together of the minds of the parties constituting an express contract, which included the understanding that the result of the work was to belong to the employer, the plaintiff in this suit. No other conclusion can be fairly reached in view of all of the circumstances. The defendant readily accepted the employment; took no exception to the statements in the original telegram; continued his research work; consulted with Mr. Neary as to the results; forwarded to Mr. Neary the facts upon which applications for patents could be prepared; presented his bills for services rendered on the per diem basis; signed receipts indicating the employment. and certifying in the last receipt that this work was not then completed; and accepted checks or drafts in payment of his fees in accordance with the contract made as claimed by the plaintiff."

A study of the proofs and due consideration of the arguments of counsel lead us to the same conclusion. In view of the comprehensive statement of the court below in its opinion, a further one by this court would be but an effort to put in different wording what has been already stated by the court below. We therefore limit ourselves to an affirmance of the decree appealed from.